Filed 11/14/13  P. v. Martinez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B240371 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA075442) |
| v. | |
| BRAYON MARTIN MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stuart M. Rice, Judge.  Affirmed.

Fay Arfa, a Law Corporation, and Fay Arfa for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, and Marc A. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Brayon Martin Martinez appeals from the judgment entered after two trials. Prior to the first trial, defendant pled guilty on count 5 to possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)).[1] The jury convicted defendant in count 4 of evading an officer (Veh. Code, § 2800.2, subd. (a)). The trial court declared a mistrial after the jury deadlocked on counts 1-3 and 6-7.

After the information was amended, defendant was convicted in the second trial on counts 6 and 7 of assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2)) and on count 8 of assault with a semiautomatic firearm on an unidentified victim (§ 245, subd. (b)). The jury found true the allegations defendant used a firearm within the meaning of section 12022.53, subdivisions (b) and (c), as to counts 6 and 7, and he used a firearm within the meaning of section 12022.5, subdivisions (a) and (d), as to all three counts.

The trial court sentenced defendant to 33 years 8 months in state prison.

Defendant contends insufficient evidence, instructional error, improper exclusion of evidence, and cumulative error require reversal of the judgment. We affirm.

## FACTS

At approximately midnight on June 27, 2009, Redondo Beach Police Officers John Anderson and Brian Long were on patrol in an unmarked car. The officers were in standard police uniform and wore badges, reflective patches, and utility belts. The officers observed defendant, one other man, and two women in the street. Defendant was holding his waistband as if he had a gun. The officers drove past the group and then returned to investigate. A BMW was stopped in the middle of the street. The officers observed a man run from the sidewalk to the passenger side door of the BMW. Defendant immediately exited from the driver's side door, extended his arm over the vehicle, and fired a semiautomatic weapon at the man, who was standing right next to the

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

car facing defendant. The man fled away from the vehicle, and defendant repositioned himself behind the BMW and fired at him a second time.

The officers stopped their car. Officer Anderson exited and yelled, "Hey, police." Defendant turned toward Officer Anderson and immediately fired at him. Officers Anderson and Long fired numerous shots at defendant. Defendant returned fire and then fled in the BMW.

Defendant led the officers on a high speed chase. Other marked patrol cars pursued defendant with lights and sirens activated, but he continued to evade arrest. Finally, defendant drove back to the scene of the shooting and surrendered. Defendant was arrested and transported to the hospital.

Defendant's gun was found lying in the street on the path he used to escape. The serial number had been defaced and was illegible.

Defendant presented evidence that it was dark at the time of the shooting.

An expert for the prosecution testified the photographs presented by the defense did not accurately depict the lighting conditions at the time of the shooting.

## DISCUSSION

### *Sufficiency of the Evidence*

The Fifth and Sixth Amendments, which apply to the states through the Fourteenth Amendment, require the prosecution to prove all elements of a crime beyond a reasonable doubt. (*Sullivan v. Louisiana* (1993) 508 U.S. 275, 277-78.) A conviction supported by insufficient evidence violates the Due Process Clause of the Fourteenth Amendment and must be reversed. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319.) "'In reviewing the sufficiency of evidence . . . the question we ask is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' [Citations.] . . . 'In determining whether a reasonable trier of fact could have found defendant guilty

3

beyond a reasonable doubt, the appellate court "must . . . presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."'  [Citation.]"  (*People v. Young* (2005) 34 Cal.4th 1149, 1175.)  "The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  The reviewing court does not reweigh the evidence, evaluate the credibility of witnesses, or decide factual conflicts, as these are the province of the trier of fact.  (*People v. Culver* (1973) 10 Cal.3d 542, 548; *In re Frederick G.* (1979) 96 Cal.App.3d 353, 367.)

### *Defendant Knew Or Should Have Known the Victims Were Peace Officers*

Defendant's contention there was insufficient evidence to support his convictions on the basis that he knew or should have known that Officers Anderson and Long were peace officers engaged in the performance of their duties is without merit.

Pursuant to section 245, subdivision (d)(2), "Any person who commits an assault upon the person of a peace officer or firefighter with a semiautomatic firearm and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment . . . ."

Evidence was presented that the officers were in full uniform.  Officer Anderson identified himself and Officer Long by yelling, "Hey, police" before defendant turned in their direction and fired at them.  The jury could have reasonably inferred that defendant heard the officer identify himself, saw the officers in standard, full uniform and fired nonetheless.  Thus, substantial evidence supports the jury's finding that defendant either knew or should have known that Officers Anderson and Long were police officers engaged in the performance of their duties.

4

***Sufficient Knowledge of the Facts to Know Defendant's Acts Would Probably and Directly Result in Injury***

Defendant's contention the evidence was insufficient to support the finding that he intended to shoot the unidentified man also fails.

"'Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison . . . .' (§ 245, subd. (b).) 'An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' (§ 240.) Assault requires the willful commission of an act that by its nature will probably and directly result in injury to another (i.e., a battery), and with knowledge of the facts sufficient to establish that the act by its nature will probably and directly result in such injury." (*People v. Miceli* (2002) 104 Cal.App.4th 256, 268-269.)

The record belies defendant's assertion that no evidence was presented regarding how close defendant was to the unidentified man when defendant shot at him. Officer Anderson observed an unidentified man run to the passenger's side of a BMW and defendant "immediately" jump out of the driver's side door, extend his arm over the vehicle, and shoot in the man's direction. He clarified that the unidentified man was "right up on the car" facing it when defendant shot at him from the driver's side. As the man fled, defendant repositioned himself behind the vehicle and shot at him again from approximately 15 feet away. Likewise, Officer Long observed that "as soon as [the unidentified man] got to the front passenger door, the driver stepped out, . . . reached over the hood of his car, and shot one round at [the unidentified man]." Officer Long confirmed that defendant went to the back of the vehicle and shot at the man again as he fled. The evidence that defendant fired two rounds at the unidentified man at close range and repositioned himself in between firing to get a better shot supports the jury's finding that defendant had knowledge of the facts sufficient to establish his acts would probably and directly result in injury.

5

## *Lawfulness Instruction*

The crime of aggravated assault on a peace officer requires that the officer be "engaged in the performance of his . . . duties" at the time of the assault. (§ 245, subd. (d)(2).) The officer must be acting lawfully. If the officer used excessive force or detained the defendant without justification, the defendant may be found guilty only of the lesser offense of simple assault. (*People v. White* (1980) 101 Cal.App.3d 161, 166.) The trial court has a sua sponte duty to instruct on lawfulness if there is sufficient evidence the officer was not lawfully performing his or her duties. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217 ["disputed facts bearing on the issue of legal cause must be submitted to the jury considering an engaged-in-duty element"], superseded by statute on another point as explained in *In re Steele* (2004) 32 Cal.4th 682, 690.)

Here, no facts were presented that would necessitate giving Judicial Council of California Criminal Jury Instructions (2009-2010) CALCRIM No. 2670 (Lawful Performance, Peace Officer), as defendant contends. It is undisputed defendant fired on the unidentified man twice and then turned and fired on the officers immediately after Officer Anderson identified them as policemen, and before either of the officers fired a single shot. The officers could not have been using excessive force when defendant assaulted them, nor were they detaining him without justification.

## *Exclusion of Evidence*

Pursuant to Evidence Code section 1240, "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception." "'"To render [statements] admissible [under the spontaneous declaration exception] it is required that (1) there must be some occurrence startling enough to produce this nervous excitement and render the utterance spontaneous and unreflecting;

6

(2)  the utterance must have been before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance; and (3)  the utterance must relate to the circumstance of the occurrence preceding it." [Citations.]' [Citation.]" (*People v. Thomas* (2011) 51 Cal.4th 449, 495 (*Thomas*).)  "'Such declarations are admissible only when they are " 'made at a time when there was no motive to deceive.'"' [Citation.]" (*People v. Ervine* (2009) 47 Cal.4th 745, 779.)  "'Whether the requirements of the spontaneous statement exception are satisfied in any given case is, in general, largely a question of fact. [Citation.]  The determination of the question is vested in the court, not the jury. [Citation.] . . . [Citation.]'" (*Thomas*, *supra*, at p. 495.)  "'[T]he discretion of the trial court is at its broadest' when it determines whether an utterance was made while the declarant was still in a state of nervous excitement." (*Id*. at p. 496.)

During defendant's first trial, Officer Justin Korte testified that he handcuffed defendant and accompanied him to the hospital.  The trial court held an Evidence Code section 402 hearing regarding admission of statements defendant made to Officer Korte during that time.  Officer Korte stated that some time after they arrived at the hospital, defendant said that he had been robbed and "they" were jealous of him.  The officer could not recall if defendant had been drugged or treated at that time but did recall the statement was made after some time had passed at the hospital.  Defense counsel requested the statement be admitted as a spontaneous statement.  Judge Rand Rubin, who presided over the first trial, excluded the evidence, finding insufficient evidence that defendant made the statement while under the stress of the event, or that the statement purported to describe the shooting, rather than events that occurred before the shooting.

During Officer Korte's testimony in the second trial, defense counsel again requested the statement be admitted as a spontaneous statement.  No further evidence was offered.  The trial court agreed with the reasoning of the prior trial judge and excluded the evidence as self-serving hearsay.

Defendant contends the trial court abused its discretion and violated his federal constitutional rights in excluding the evidence.  He argues the statement was admissible

both as a spontaneous statement (Evid. Code, § 1240) and as state of mind evidence (*id*., § 1250).

Defendant failed to object to the exclusion of the statement on constitutional grounds or as state of mind evidence and has therefore forfeited those arguments. (See, e.g., *People v. Pearson* (2013) 56 Cal.4th 393, 470, fn. 10 [failure to articulate state of mind as theory of admissibility forfeited argument on appeal].) Additionally, defendant's constitutional argument is forfeited because he did not support his assertion with substantive argument. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1010 ["The 'routine application of state evidentiary law does not implicate [a] defendant's constitutional rights.' [Citation.] As defendant provides no elaboration or separate argument for these constitutional claims, we decline to address further these boilerplate contentions."].)

With respect to defendant's contention that the statement should have been admitted as a spontaneous statement under Evidence Code section 1240, the trial court did not abuse its discretion. As the prosecution aptly argued at the Evidence Code section 402 hearing, defendant made the statement after waiting in the emergency room for a while with Officer Korte. Prior to making the statement, he had engaged in a car chase, discarded his weapon, been arrested, and been taken to the hospital in an ambulance. The facts support the trial court's determination that the statement was not spontaneous because defendant had ample time for reflection and a motive to deceive.

***Cumulative Error***

Finally, defendant contends that cumulative errors at trial deprived him of due process. As we have concluded that the trial court did not err, the contention necessarily fails. (See *People v. Hines* (1997) 15 Cal.4th 997, 1062.)

8

**DISPOSITION**

The judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

9